IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH R. HERRON, individually and On behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>INVESTMENT PROFESSIONALS, INC.,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§ Civil Action No. 2:15-cv-01664-MPK<br>§<br>§ Chief Magistrate Judge Maureen P. Kelly<br>§<br>§<br>§<br>§<br>§ |

**JOINT MOTION FOR PROPOSED CASE MANAGEMENT SCHEDULING ORDER**

In response to the Court's Order directing the parties to prepare a joint proposed Case Management Scheduling Order [Dkt. 60], the parties exchanged proposals but have been unable to reach agreement on how this case should proceed. Therefore, the parties are submitting separate proposals. Plaintiff's proposed case management scheduling order is attached as Exhibit A. Defendant's proposed case management scheduling order is attached as Exhibit B. The parties' positions are explained briefly below.

**Plaintiff's Position**

Defendant opposed Plaintiff's motion for conditional collective action certification in part on the basis that Plaintiff did not have sufficient evidence of the existence of similarly situated employees. (*See* Def.'s Br. in Opp. to Pl.'s Mot. for Cond. Cert., ECF No. 34, at 6–9.) Meanwhile, Defendant is refusing to cooperate in a discovery plan that was specifically designed to allow Plaintiff to probe the evidence relevant to these issues. The initial case management order agreed to by the parties contemplated a period of discovery related to class certification issues. (ECF No. 25 at ¶¶ 4). To that end, Plaintiff served document requests on Defendant on or around May 25, 2016. Defendant responded on June 27, 2016, but to date, Defendant has

1

produced only a copy of its employee handbook and copies of emails sent to or from the Plaintiff's IPI email address during the month of December 2012. Counsel for Plaintiff emailed counsel for Defendant on September 27, 2016, enclosing a letter which explained Plaintiff's belief that Defendant's document production was deficient and requesting available times to meet and confer regarding the document requests. Plaintiff also requested that Defendant provide available dates for a Rule 30(b)(6) deposition and the deposition of Defendant's chairman.

Defendant's eventual response to that email indicated that the earliest possible week for depositions was the week of November 14, and that Defendant would respond to Plaintiff's deficiency letter by mid-October. Based on that information, the parties agreed to jointly request an extension of the class discovery deadline to December 20, 2016. (ECF No. 58). After the Court's order directing the parties to file a new case management scheduling order (ECF No. 60), Defendant retrenched its position and indicated that it did not believe any further discovery was appropriate at this time. Defendant now offers only to stay all deadlines in the case until the pending summary judgment and conditional collective action certification motions are decided.

Plaintiff has simply attempted to conduct discovery in this case in the manner initially agreed to by Defendant and approved by the Court. Plaintiff's position is that he is entitled to discovery to identify support for a Rule 23 class certification motion, as well as to supplement or renew his conditional collective action motion in the event the Court determines that his pending motion requires further support. In an effort to reach a compromise and to limit the expense of discovery, Plaintiff has indicated to Defendant on numerous occasions that he is willing to meet and confer in good faith to identify the document requests most central to the class and collective action certification issues. Plaintiff is willing to limit the scope of his document requests to a narrow group of documents which are relevant to class/collective action certification because

they could bear on issues such as the existence and number of similarly situated individuals, the existence or nonexistence of uniform policies related to compensation of its workers, such as classifying certain workers as exempt from FLSA requirements, and whether Defendant maintained any systems for tracking the hours worked by its financial advisors.[1] Plaintiff further limited his request to just one Rule 30(b)(6) deposition and has agreed to stay all other deadlines if he can conduct this limited discovery.  Defendant has not agreed even to meet and confer.

Defendant's position that Plaintiff is not entitled to any pre-certification discovery related to the existence of similarly situated employees is inconsistent with both the case management plan previously agreed to by the parties, as well as settled law.  *E.g.*, *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989) (finding that "district court was correct to permit discovery of the names and addresses of [potentially similarly situated] employees"); *Smith v. Sovereign Bancorp, Inc.*, 2003 WL 22701017 at *3 (E.D. Pa. Nov. 13, 2003) (denying plaintiffs' motion for conditional certification without prejudice but permitting plaintiffs to conduct certification-related discovery); *Mueller v. CBS, Inc.*, 201 F.R.D. 425, 428–31 (W.D. Pa. 2001) (finding based on pre-certification discovery that plaintiffs provided sufficient facts to support inference of similarly situated employees and ordering defendant to provide information about its records for purposes of identifying putative class members, but requiring plaintiffs to revise the proposed notice and class definitions).

For these reasons, the Court should adopt Plaintiff's proposed case management order, Exhibit A.

---

[1] For instance, Plaintiff is most interested in obtaining: 1) documents which show the number of individuals who worked for Defendant as securities brokers, financial advisors, or in other positions substantially similar in title or job duties as that of the Plaintiff; 2) documents which define the job duties of those workers; 3) documents which set for the compensation policies relevant to those workers; and 4) documents which reflect whether Defendant tracked the hours of those workers or made any overtime premium payments.

**Defendant's Position**

### DEFENDANT'S INTRODUCTION

In response to the Court's Order directing the parties to prepare a joint proposed Case Management Scheduling Order [Dkt. 60], Defendant Investment Professionals, Inc. ("Defendant") states that the parties have conferred in good-faith in an effort to reach an agreement regarding case management issues but disagree as to the necessity and relevance of additional discovery while Plaintiff's Motion for Conditional Certification and Defendant's Motion for Summary Judgment are still pending.

It is Defendant's position that Plaintiff is attempting to engage in discovery relevant to a class/collective action, which places the "cart before the horse" in that Defendant has pending a Motion for Complete Summary Judgment and Plaintiff has pending a Motion for Conditional Certification. Briefing on each of these motions is complete and was closed in July 2016. Currently, there is no class/collective action issues that are relevant. As the case presently sits, it is a single plaintiff case (facing a dispositive motion) for which no class/collective action discovery is relevant or permissible (given that his motion for conditional certification is pending).

Defendant has made and continues to make the following proposal: that class/collective action-related deadlines be stayed until the Court has the opportunity to issue a ruling on Defendant's Motion for Summary Judgment, and if necessary, a ruling on Plaintiff's opposed Motion for Conditional Certification. A copy of Defendant's proposed case management scheduling plan is attached hereto as Exhibit B.

At the outset, it should be noted that Defendant has always objected to engaging in any class/collective action discovery until and unless the Court first denied Defendant's motion for

4

summary judgment and, second, granted Plaintiff's motion for conditional certification. To agree otherwise would mean that Defendant agrees to open itself up to expensive discovery that is currently irrelevant, in light of its pending dispositive motion and the fact that there is no order permitting Plaintiff even conditional certification, which Defendant has provided ample authority to justify its denial.

Plaintiff's Rule 30(b)(6) areas of inquiry are related – not to the individual claims of the Plaintiff – but to collective/class claims for which there is no relevance, as the case currently stands. To be sure, having the ***Chairman of the Defendant*** appear for a deposition ***and corporate representatives*** appear for questioning concerning detailed and irrelevant corporate areas of inquiry will do nothing more at this juncture than require Defendant to engage in costly discovery that, as of yet, is not ripe or permitted, and likely will never be ripe or permitted. A copy of Plaintiff's proposed areas of inquiry are attached hereto as <u>Attachment I.</u> Insofar as Defendant's agreement to extend the discovery deadline, Defendant did not agree to engage in class or collective action discovery – areas that Defendant has articulated objections to for the reasons stated, above, and for the reasons stated below.

Moreover, as explained in the following sections of Defendant's position, herein, ***courts do not endorse a Plaintiff's attempts to advance certification issues when a dispositive motion is pending***. For obvious reasons, courts do not see any value in parties engaging in the certification process when the case may or likely will, be dismissed upon a pending dispositive motion.

Defendant respectfully requests that in light of its pending Motion for Summary Judgment [Dkt. 39], which, if granted, will result in a dismissal of this case, all current case deadlines be stayed. Should the Court deny Defendant's Motion for Summary Judgment and

grant Plaintiff's Motion for Conditional Certification [Dkt. 28], Defendant agrees to meet and confer with Plaintiff and to propose an appropriate joint Case Management Scheduling Order. Defendant respectfully submits that proceeding in this manner will conserve both judicial and party resources.

## BACKGROUND

Plaintiff filed this action on December 15, 2015 [Dkt. 1], alleging that he worked overtime during the last two weeks of December 2013. Plaintiff did not identify specifically any alleged similarly situated employees of Defendant. On April 29, 2016, Plaintiff filed his Motion for Conditional Certification, seeking to certify an alleged class of Defendant's employees [Dkt. 28]. Defendant filed its opposition in response to Plaintiff's Motion for Conditional Certification on May 15, 2016 [Dkt. 34]. The parties scheduled and attended Plaintiff's deposition on May 18.

With Plaintiff's Motion for Conditional Certification pending, Defendant filed its Motion for Complete Summary Judgment ("MSJ") [Dkt. 39] on June 7, 2016. In its MSJ, Defendant argued that Plaintiff did not work the requisite 40 hours during the two-week periods at issue, December 16 – 28, 2013. Plaintiff conceded in his deposition and in his Response to Defendant's MSJ [Dkt. 51 at p. 4, § III.A] that he did not work more than 40 hours during the week of December 23 – 28, his last week of employment, as he originally plead, thus leaving the only week at issue, the week of December 16, 2013. In addition, in response to Plaintiff's Motion for Conditional Certification, Defendant argued that Plaintiff cannot meet and has not met the standards to serve as a class representative. Both Plaintiff's Motion for Conditional Certification and Defendant's MSJ remain pending before the Court. On October 21, 2016, the Court issued an Order [Dkt. 59] granting the parties' Consent Motion to Modify the Case Management Order to Extend Class Discovery Deadline, moving the class certification deadline

to December 20, 2016 and ordering that the parties to "prepare a joint proposed Case Management Scheduling Order covering the deadlines set forth in the earlier Case Management Order" [Dkt. 60].[2]

Plaintiff currently seeks discovery that is only related to, if at all, alleged collective/class action issues. The briefing on the two pending motions -- one of which is dispositive and the other of which could deny Plaintiff conditional class/collective action discovery – is closed and has been closed since July 2016, moreover. Defendant contends that further discovery, particularly discovery related to allegations of class/collective action, before the pending motions have been decided, is unnecessary, irrelevant, overly burdensome, expensive, and impractical. The parties have fully briefed Plaintiff's Motion for Conditional Certification as well as Defendant's Motion for Summary Judgment. ***Additional discovery will not advance those two pending motions because the briefing was completed and closed in July 2016.*** Engaging in class/collective action discovery before the Court rules on the MSJ (or alternatively, before the Court rules on both the Motion for Conditional Certification and the MSJ) would not serve any practical purpose because the discovery sought either: (1) is irrelevant, or (2) in the event the Court grants the Motion for Class Certification and denies the MSJ, could be scheduled at a later date, after the Holidays and when both parties have adequate time to prepare their witnesses. While the cost for Plaintiff of preparing for and attending a 30(b)(6) deposition in the next two months would be minimal and potentially recoverable, the cost on Defendant, whose representative(s) reside in Texas, along with Defendant's counsel, is substantial and unlikely

---

[2] Counsel for Defendant agreed to the contents of the Consent Motion but did not waive any objections to further discovery and did not agree to dates certain on which any further discovery would occur [Dkt. 58].

recoverable.[3]  Staying further discovery until after the Court has had an opportunity to rule on the MSJ, and if necessary, the Motion for Conditional Certification, does not prejudice Plaintiff in any way, the only practical effect being that the discovery sought would be scheduled at a later date.

Thus, counsel for Defendant proposed to Plaintiff's counsel that the parties, in response to the Court's October 21 Order, enter an agreed order to stay all deadlines until the Court has an opportunity to rule on the pending Motion for Conditional Certification and Motion for Summary Judgment.[4]  (*See* Email Exchange Between H. Williamson and J. Etzel, attached as Attachment II.)  Counsel for Plaintiff declined Defendant's proposal and, on October 31, proposed instead that the Class Discovery deadline be moved to December 31, 2016, that the parties meet and confer regarding topics of a 30(b)(6) deposition (which appear to be solely or almost solely aimed at alleged class issues), identify and exchange relevant documents, schedule, and attend the deposition before the December 31 deadline.  (*See* Attachment III at 10/31/16 Email from J. Etzel and Attachment.)[5]

Defendant respectfully submits that Plaintiff's proposal is untenable for several reasons. First, as stated above, the discovery Plaintiff seeks is irrelevant until the Court has had an opportunity to rule on the pending Motion for Summary Judgment, and if necessary, Plaintiff's

---

[3] Of note, Plaintiff may be able to recover attorney's fees in the event he prevails, but Defendant is unlikely to recover its fees and expenses for unnecessary discovery in the event it prevails on either of the two pending motions.

[4] Indeed, the deadlines for expert reports ended in August and September 2016, with neither party in a position to provide such reports given the pendency of the outstanding motions.

[5] On November 2, 2016 counsel for Defendant sent Plaintiff's counsel a proposed Joint Motion for Proposed Case Management Scheduling Order which extended all current deadlines to a number of days after the Court's ruling on the pending Motion for Class Certification and Motion for Summary Judgment.  (*See* Attachment IV at 11/2/16 Email from H. Williamson and Attachment.)

Motion for Conditional Certification. Second, the timeframe Plaintiff proposes would require coordinating the schedules of the parties' counsel and Defendant's corporate designee during the middle of the Holidays, a task that appears more insurmountable with each passing day. In addition, Plaintiff seeks the production of yet unidentified documents on a series of subjects, about which Defendants will be required to identify, produce, and prepare a corporate representative who can testify competently and who is available for what will likely be a multi-day deposition. Finally, the expense of the discovery and deposition Plaintiff seeks will be substantial, as well as unnecessary, should the Court deny Plaintiff's Motion for Class Certification or grant Defendant's MSJ.

## DEFENDANT'S AUTHORITIES

Not only do federal courts have the well-established authority to rule on dispositive motions prior to class certification, but it is the preferred approach to case management. *See, e.g.*, *Estate of Gleiberman v. Hartford Life Ins. Co.*, 94 F. App'x 944, 948 (3d Cir. 2004) (there is no abuse of discretion for the trial court to determine that the named plaintiff had failed to state a claim upon which relief could be granted prior to determining class certification) (citing *Searles v. Se. Pa. Transp. Auth.*, 990 F.2d 789, 790 n.1, 794 (3d Cir. 1993) (affirming grant of motion to dismiss for failure to state a claim and noting that "[t]he district court did not rule on the class certification because it ultimately concluded that plaintiff failed to state a claim"); *Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163, 1169-70 (3d Cir. 1987) (finding no error in district court's refusal to consider class certification before determining whether the named plaintiff had a cause of action); *see also Sheet Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline, PLC*, 263 F.R.D. 205, 210 (E.D. Pa. 2009) (in putative class action by indirect purchasers of anti-depression drug against manufacturer and distributor, court would determine defendants' motion

for judgment on the pleadings before ruling on class certification where it was within court's discretion "to ensure that the named plaintiffs state a cause of action before allowing the parties to engage in the extensive and costly process of discovery").

In *Sheet Metal Workers*, 263 F.R.D. at 210, the Eastern District of Pennsylvania relied on the Third Circuit's *Zimmerman* decision in declining to rule on the plaintiffs' motion for class certification prior to ruling on defendant's motion to dismiss:

> [T]he Third Circuit's decision in *Zimmerman* . . . clearly states that when the named plaintiff lacks a cause of action, the Court should dismiss the action before proceeding to class certification. In *Zimmerman*, the plaintiff brought a putative class action against various cable television companies after the companies sent settlement demand letters to persons whom they accused of stealing cable programs. *Id*. at 1164–66. The district court dismissed the RICO claim against the defendants, and on appeal, the Third Circuit found that the plaintiff could not recover under RICO without an alleged injury to his property. *Id*. at 1169. The plaintiff, however, argued that "had the class been certified, class members who had paid money might have been located and persuaded to come forward as representatives" and that the district court erred by dismissing the complaint before considering the merits of class certification. *Id*. The Third Circuit rejected that argument, finding "no abuse of discretion in the district court's refusal to consider certification of a class before determining whether the named plaintiff, and *a fortiori* any putative class which the named plaintiff might properly seek to represent, had a federal cause of action." *Id*. at 1170.

Thus, this Court has broad discretion, and indeed would be following the prevailing practice, to decide Defendant's pending Motion for Summary Judgment before ruling on Plaintiff's Motion for Class Certification.[6]

---

[6] *See also*, *e.g.*, *Wiesmueller v. Kosobucki*, 513 F.3d 784, 787 (7th Cir. 2008) (allowing for "wriggle room" for court to rule on precertification summary judgment motion); *Kehoe v. Fidelity Fed. Bank & Trust*, 421 F.3d 1209, 1211 n.1 (11th Cir. 2005) ("[I]t is within the court's discretion to consider the merits of the claims before their amenability to class certification."); *Curtin v. United Airlines, Inc.*, 275 F.3d 88, 93 (D.C. Cir. 2001) ("[I]in circumstances like these, where the merits of the plaintiffs' claims can be readily resolved on summary judgment, where the defendant seeks an early disposition of those claims, and where the plaintiffs are not prejudiced thereby, a district court does not abuse its discretion by resolving the merits before considering the question of class certification.").

**DEFENDANT'S CONCLUSION**

Given that the courts reject the notion of a court ruling on a certification motion before deciding a pending dispositive motion, it necessarily follows that courts do not sanction a plaintiff's engaging into expensive discovery related to his or her class/collective action allegations until the dispositive motion is determined and until the motion for conditional certification is determined. To be sure, as the case currently presents, the parties are unaware whether there would even be any opt-ins that would render the case one warranting class or collective action status. As the case currently presents, moreover, the Plaintiff is seeking to place the proverbial "cart before the horse." Thus, Defendants respectfully submit that discovery should be stayed until such time as this Court renders its judgment on Defendant's MSJ and, if necessary, the Plaintiff's motion for conditional certification.[7]

---

[7] The Court tolled the statute of limitations during June 2016. Thus, Plaintiffs are not prejudiced by Defendant's request to stay discovery until the Court can rule on the pending motions.

Respectfully submitted,

| | |
|---|---|
| **CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP** | **HUNTON & WILLIAMS LLP** |
| By: /s/ Gary F. Lynch<br>Gary F. Lynch (PA#56887)<br>glynch@carlsonlynch.com<br>Jamisen A. Etzel (PA #311554)<br>jetzel@carlsonlynch.com<br>1133 Penn Avenue, 5th Floor<br>Pittsburgh, PA 15222<br>P: (412) 322-9243<br>F: (724) 656-1556<br>**ATTORNEYS FOR PLAINTIFF** | By:  /s/ Holly H. Williamson<br>Holly H. Williamson (Attorney-in-Charge)<br>(appearing *pro hac vice*)<br>Texas Bar No. 21620100<br>700 Louisiana Street, Suite 4200<br>Houston, Texas 77002<br>Telephone: (713) 229-5700<br>Facsimile: (713) 229-5750<br>hwilliamson@hunton.com<br><br>Dan J. Jordanger (VA #29518)<br>(admitted to practice before the Court)<br>Riverfront Plaza, East Tower<br>951 East Byrd Street<br>Richmond, Virginia  23219<br>Telephone: (804) 788-8609<br>Facsimile: (804) 788-8218<br>djordanger@hunton.com<br><br>**ATTORNEYS FOR DEFENDANT INVESTMENT PROFESSIONALS, INC.** |