# ATTACHMENT I
(to Defendant's Position)

DEPOSITION TOPICS

Examination is requested on the following matters:

1. Defendant's affiliation with any other organization(s) via common ownership, overlapping offices or managers, or common facilities or employees.

2. For the time period from December 16, 2012 to the present, the identity and location of each financial institution at which any financial advisor[1] worked or performed services, including the total number of financial advisors and the basis for their affiliation with Defendant and/or the financial institutions where they worked or performed services.

3. Any agreement(s), whether written, oral, or otherwise, between Defendant and any financial institution and/or financial advisor, pertaining the services to be rendered by the financial advisor at such financial institution, or for the benefit of the customers of such financial institution.

4. Any rules, guidelines, policies, or procedures governing the relationship between Plaintiff (and the putative opt-in class) and Defendant.

5. The decision to classify any Financial Advisors as exempt from the Fair Labor Standard Act's overtime pay requirements.

6. The decision to classify any Financial Advisors as "independent contractors" not subject to the Fair Labor Standards Act's overtime pay requirements.

7. The methods used by Defendant in advertising and recruiting for Financial

---

[1] For the purposes of this Notice, "Financial Advisor" shall mean means an individual who sold, marketed and/or gave advice or consulted regarding securities and other financial products and services on behalf of Defendant, whether Defendant considered the individual to be an employee or an independent contractor, including but not limited to individuals with any one of the following job titles: a) Securities Broker, b) Financial Advisor, c) Financial Services Representative, d) Investment Executive, e) Investment Representative, and/or f) Financial Consultant, at any time from December 16, 2012 to the present.

1

Advisors.

8. The methods used by Defendant in training Financial Advisors.

9. The methods used by Defendant to promote its business generally, including any statements about Financial Advisors and the services they perform.

10. For the time period from December 16, 2012 to the present, the manner in which Plaintiff and other Financial Advisors are/were compensated, Defendant's policies and/or practices regarding the payment of compensation to Plaintiff and other Financial Advisors, and all decision-making by Defendant related to Plaintiff's and other Financial Advisors' manner of compensation

11. The job duties of Financial Advisors, including the specific role which Financial Advisors have in effectuating sales of investment products to customers, and the specific role which Financial Advisors have in providing advice to customers.

12. For the time period from December 16, 2012 to the present, the types of records Defendant has maintained indicating hours worked by Financial Advisors.

13. Defendant's policies and/or practices relating to the hours worked by Financial Advisors.

14. Defendant's policies and/or practices relating to management of the Financial Advisors.

15. Defendant's policies and/or procedures relating to the assignment and scheduling of Financial Advisors to work and/or perform services at a particular financial institution.

16. Defendant's policies and/or procedures relating to Financial Advisors' performance of services outside of the their work relationship with Defendant.

17. Defendant's policies and/or practices, as well as any work rules or regulations, applicable to Financial Advisors being treated by Defendant as "independent contractors" or

exempt from the overtime requirements of the Fair Labor Standards Act.

18.     For the time period from December 16, 2012 to the present, the types of records Defendant has maintained in order to calculate the amount of monetary payments, as commissions or otherwise, owed to Financial Advisors, as well as any reimbursement of costs and expenses to, or payments of costs and expenses by, Financial Advisors.

19.     For the time period from December 16, 2012 to the present, the method which would be used to calculate Plaintiff's (and the putative opt-in class') "regular rate" of pay, consistent with 29 U.S.C. § 207(e), which would be used to calculate overtime compensation for Plaintiff and the putative opt-in class, assuming the Court concludes that Plaintiff is owed overtime compensation under the Fair Labor Standards Act as a non-exempt employee for any or all of such time period.

20.     For the time period from December 16, 2012 to the present, the calculation of Plaintiff's and the putative opt-in class members' overtime compensation, assuming the Court concludes that the Financial Advisors are owed overtime compensation under the Fair Labor Standards Act as non-exempt employees for some or all of such time period.

21.     The authenticity and substance of Defendant's payroll records.

22.     Any investigation or analysis conducted by or for Defendant concerning whether the Financial Advisors were properly treated as "independent contractors" or not subject to the overtime requirements of the Fair Labor Standards Act for any reason.

23.     Any investigation or analysis conducted by or for Defendant over whether the Financial Advisors were properly denied overtime compensation for all hours worked in excess of 40 hours in a work week.

24.     Any investigation conducted by or for Defendant regarding Defendant's potential

liability under the Fair Labor Standards Act which might arise from the failure to pay Plaintiff overtime compensation.

25. Any and all allegations, from whatever source, that Defendant has violated the Fair Labor Standards Act, including, but not limited to, investigations or inquiries conducted by the Department of Labor and/or any state regulatory agency.

26. Any efforts made by Defendant to keep abreast of changes under, or new interpretations of, the Fair Labor Standards Act.