# ATTACHMENT IV
(to Defendant's Position)

# Reed, Michael

| | |
|---|---|
| **From:** | Williamson, Holly |
| **Sent:** | Wednesday, November 02, 2016 5:09 PM |
| **To:** | Jamisen Etzel |
| **Cc:** | Gary Lynch (glynch@carlsonlynch.com); Pierce, Susan; Reed, Michael; Dumbacher, Robert |
| **Subject:** | Herron -- Discovery Issues & Court's order regarding new scheduling plan |

Jamisen,

As you are aware, there are two motions pending before the Court: Plaintiff's Motion for Conditional Class Certification and Defendant's Motion for Complete Summary Judgment. As you also are aware, if Defendant's motion is granted, Plaintiff's motion is moot. If Defendant's motion is denied, class discovery can begin only if the Court grants Plaintiff's motion for conditional certification, which Defendant has opposed. You noted in your letter/email to me that Plaintiff pleaded collective action claims. But, as Defendant pointed out in its response in opposition to Plaintiff's motion, Plaintiff has no evidence to support any class claims and the Court has not granted conditional certification to pursue such claims.

To move forward with discovery, as you propose, on potential class-related issues is putting the proverbial "cart before the horse." Simply making a statement in a complaint with no evidence to support that statement does not support discovery in which Plaintiff hopes to find evidence to support claims that he otherwise has no evidence to support. A prerequisite to bringing a valid claim is a plaintiff having some evidence to support that claim. Plaintiff has not provided any evidence to support his claims of class or collective action and the Court has not granted Plaintiff's motion for conditional class certification. The briefing, moreover, on Plaintiff's motion is closed and completed. Thus, we strongly believe that Plaintiff's attempt to engage in what can only be described as class/collective action-related discovery in advance of the Court's determination on Plaintiff's motion for conditional certification is not appropriate. As the case currently stands, it is a single- plaintiff case with nothing more than bare allegations unsupported by evidence and a court order permitting conditional class certification.

In addition, pending before the Court is the Defendant's motion for summary judgment. The issue is whether plaintiff worked any overtime during the two-week period that is not otherwise barred by the statutes of limitations. Plaintiff has conceded that during one of those two weeks he likely did not work more than 40 hours. The briefing for the motion for summary judgment closed in July, 2016. Plaintiff did not seek to continue the submission of the motion for summary judgment, which makes sense in that he should be able to provide evidence that supports his claim of overtime during that two-week period of time. Defendant claims that Plaintiff has no material or admissible evidence that he worked more than 40 hours during that one-week period of time and has provided evidence that supports its claim that Plaintiff did not work more than 40 hours during that one week period of time. Plaintiff contends that he need not offer any such evidence beyond his speculation because, in his interpretation of the law (about which Defendant strongly disputes based on the case law), it is Defendant's burden to prove a negative. That is, prove that Plaintiff did not work more than 40 hours. In effect, Plaintiff is seeking to hold Defendant to a strict liability standard, which the case law does not in any way endorse or support.

There seems to be no logic in the parties engaging in any discovery, much less discovery related to the issue of class certification, and paying experts while these two motions are pending. To be sure, to do so potentially raises the prospects of both parties devoting substantial time and resources to what very well may turn out to be depositions and discovery that have no relevance to Plaintiff's case. When the Court entered the scheduling order, the notion that Plaintiff did not work more than 40 hours during the brief two-week time period and that a dispositive motion would be filed prior to a determination on conditional class certification likely did not play into the setting of the deadlines. This case is unusual in that Defendant has challenged not only Plaintiff's claim that he worked overtime during a one-week

1

period of time making Defendant entitled to summary judgment, but that Plaintiff cannot meet and has not met the standards to serve as a class representative. Again, to engage in discovery that presumably is designed to support a class/collective action claim is "putting the cart before the horse." Finally, given that the summary judgment briefing is closed, any other discovery is premature at this juncture.

Thus, we oppose the discovery that you seek and we stand on our objections. We also propose, in the spirit of sparing the parties and the Court unnecessary expenditures of time and expense, to stay all deadlines until the Court is able to rule on the pending motions, with new deadlines, if necessary and appropriate, to track those that the Court entered in terms of months and days from a date that applies, if applicable, a grant of Plaintiff's pending motion in the event the Court were to deny Defendant's motion. As you have noted, the statute of limitations was tolled by the Court in June. Thus, there is no prejudice or unfairness.

Finally, I need to advise you and the Court that I am set for trial the first week in December in McAllen, Texas. Until late last week, I was also set for trial the week of November 14 here in Houston, and the week of December 12 in North Carolina. I am traveling for a meeting out of town tomorrow and Friday and have a hospital procedure scheduled on November 15, remaining out of the office the remainder of the week. I am traveling to be with my father and sister, who are both very ill from the late stages of Parkinson's disease, during the week of Thanksgiving. And am preparing for trial in McAllen the week afterwards.

I will send to you our proposal for a new scheduling order before I leave the office today.

Best Regards,

Holly



**Holly Williamson**
Partner
hwilliamson@hunton.com
p 713.229.5717
m 713.922.4911
bio | vCard

Hunton & Williams LLP
Bank of America Center, Suite 4200
700 Louisiana Street
Houston, TX 77002
hunton.com

This communication is confidential and is intended to be privileged pursuant to applicable law. If the reader of this message is not the intended recipient, please advise by return email immediately and then delete this message and all copies and backups thereof.

# Reed, Michael

| | |
|---|---|
| **From:** | Williamson, Holly |
| **Sent:** | Wednesday, November 02, 2016 6:05 PM |
| **To:** | Jamisen Etzel |
| **Cc:** | Gary Lynch (glynch@carlsonlynch.com); Pierce, Susan; Reed, Michael; Dumbacher, Robert |
| **Subject:** | Proposed scheduling -- case management order |
| **Attachments:** | 62853141_1.docx |

Jamison and Gary,

Please let me know if you can discuss this tomorrow. I will be out of the office from about 11:15-12:45 CDT, but otherwise, I am available.

Best Regards,

Holly



**Holly Williamson**
Partner
hwilliamson@hunton.com
p  713.229.5717
m 713.922.4911
bio | vCard

Hunton & Williams LLP
Bank of America Center, Suite 4200
700 Louisiana Street
Houston, TX 77002
hunton.com

This communication is confidential and is intended to be privileged pursuant to applicable law. If the reader of this message is not the intended recipient, please advise by return email immediately and then delete this message and all copies and backups thereof.

1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH R. HERRON, individually and On behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INVESTMENT PROFESSIONALS, INC.,<br><br>Defendant. | §<br>§<br>§<br>§<br>§ Civil Action No. 2:15-cv-01664-MPK<br>§<br>§ Chief Magistrate Judge Maureen P. Kelly<br>§<br>§<br>§<br>§<br>§ |

## JOINT MOTION FOR PROPOSED CASE MANAGEMENT SCHEDULING ORDER

In response to the Court's Order directing the parties to prepare a joint proposed Case Management Scheduling Order [Dkt. 60], the parties hereby submit the proposed Case Management Scheduling Order as Exhibit A herein covering deadlines still relevant in the case.

Respectfully submitted,

**CARLSON LYNCH SWEET & KILPELA, LLP**

By: /s/ Gary F. Lynch
Gary F. Lynch (PA#56887)
glynch@carlsonlynch.com
Jamisen A. Etzel (PA #311554)
jetzel@carlsonlynch.com
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
P: (412) 322-9243
F: (724) 656-1556
**ATTORNEYS FOR PLAINTIFF**

**HUNTON & WILLIAMS LLP**

By: /s/ Holly H. Williamson
Holly H. Williamson (Attorney-in-Charge)
(appearing *pro hac vice*)
Texas Bar No. 21620100
700 Louisiana Street, Suite 4200
Houston, Texas 77002
Telephone: (713) 229-5700
Facsimile: (713) 229-5750
hwilliamson@hunton.com

Dan J. Jordanger (VA #29518)
(admitted to practice before the Court)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8609
Facsimile: (804) 788-8218
djordanger@hunton.com

1

ATTORNEYS FOR DEFENDANT
INVESTMENT PROFESSIONALS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically on this ____ day of _____, 2016, and will be served on all counsel of record via the Court's electronic filing system (CM/ECF). Parties may access this filing through the Court's system.

Gary F. Lynch
glynch@carlsonlynch.com
Jamisen A. Etzel
jetzel@carlsonlynch.com
CARLSON LYNCH SWEET & KILPELA, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, Pennsylvania 15222
Tel: (412) 322-9243
Fax: (724) 656-1556
*Attorneys for Plaintiff, Joseph R. Herron*

/s/ Holly H. Williamson
Holly H. Williamson

4

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH R. HERRON, individually and On behalf of all others similarly situated, | § § § |
| Plaintiff, | § Civil Action No. 2:15-cv-01664-MPK |
| v. | § § Chief Magistrate Judge Maureen P. Kelly |
| INVESTMENT PROFESSIONALS, INC., | § § § |
| Defendant. | § |

### [PROPOSED] CASE MANAGEMENT SCHEDULING ORDER

AND NOW, this _____ day of _____, 2016, IT IS HEREBY ORDERED that this action is placed under Local Rule 16.1 for pretrial proceedings and all provisions of the Rule will be strictly enforced. Pursuant to Local Rule 16.1, the parties are directed as follows:

1. Within ninety days of the Court's Ruling on Plaintiff's Motion for Conditional Class/Collective Certification or Defendant's Motion for Summary Judgment [Dkt. 39], whichever is later and relevant, the parties shall complete class certification discovery within 120-days.

2. Plaintiff's Motion for Class Certification, Memorandum in Support, and all supporting evidence, shall be filed within 90 days following the deadline for the class certification discovery.

3. Defendant's Memorandum in Opposition to Class Certification, and all supporting evidence, shall be filed by within 21 days of Plaintiff's filing of its Motion for Class Certification, Memorandum in Support.

4. Plaintiff's Reply Memorandum in Support of Class Certification, if any, shall be filed within 14 days of Defendant's Memorandum in Opposition to Class Certification.

5. Plaintiff's Expert Report as to class certification is due on or before **90 days before Plaintiff's Motion for Class Certification deadline.** Defendant's Expert Report as to class certification is due on or before **60 days before Plaintiff's Motion for Class Certification deadline**. Depositions of all class certification experts shall be on or before **30 days before Plaintiff's Motion for Class Certification deadline.**

6. The Class Certification hearing shall be held **30 days after Plaintiff files his Reply Memorandum in Opposition to Class Certification**.

7. The Court shall conduct a Post-Certification Determination Conference in the Chambers of Chief Magistrate Judge Maureen P. Kelly, Suite 9280, U.S. Post Office and Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania. Trial counsel shall attend and the parties shall be available by phone. The parties and the Court shall discuss how the case shall proceed in light of the disposition of the Class motion. Such Conference shall be scheduled by the Court.

8. All deadlines set forth in this Case Management Scheduling Order are vacated and moot in the event the Court (1) grants Defendant's pending motion for summary judgment; or (2) denies Plaintiff's pending motion for conditional class/collection certification.

By the Court:

_____
Hon. Maureen P. Kelly
Chief Magistrate Judge