IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH R. HERRON, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 15-1664 |
| | ) Chief Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) |
| INVESTMENT PROFESSIONALS INC., | ) Re: ECF No. 39 |
| | ) |
| Defendant. | ) |

## OPINION

**KELLY, Chief Magistrate Judge**

Presently before the Court is a Motion for Summary Judgment filed by Defendant Investment Professionals Inc. ("Defendant"), ECF No. 39. Defendant seeks summary judgment on all counts in the Class and Collective Action Complaint filed by Plaintiff Joseph R. Herron ("Plaintiff"), ECF No. 1, which alleges wrongful conduct and improper wage payment practices on the part of Defendant. For the reasons that follow, the Motion for Summary Judgment will be granted in part and denied in part.

### I. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 257; Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America, 927 F.2d 1283, 1287-88 (3d Cir. 1991). When

determining whether there is a genuine issue of material fact, the court must view the facts and all reasonable inferences in favor of the nonmoving party. EEOC v. Allstate Ins., 778 F.3d 444, 448 (3d Cir. 2015).

In order to avoid summary judgment, a party must produce evidence to show the existence of every element essential to the case that it bears the burden of proving at trial; "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the nonmoving party fails to make a sufficient showing on any essential element of its case, the moving party is entitled to judgment as a matter of law. Id.

## II. BACKGROUND

Plaintiff initiated this lawsuit via Class and Collective Action Complaint ("the Complaint") filed on December 16, 2015. ECF No. 1. Therein, Plaintiff alleged, on behalf of a group and class of financial advisors/security brokers employed by Defendant, of which Plaintiff is a member: (1) Count I: violation of the Federal Fair Labor Standards Act ("FLSA") by Defendant for failing to compensate for overtime hours, id. ¶¶ 32-47; (2) Count II: violation of various state laws, including the Pennsylvania Minimum Wage Act of 1968 ("PMWA") requiring payment for overtime hours, id. ¶¶ 48-58; and (3) Count III: violation of various state laws, including the Pennsylvania Wage Payment and Collection Law ("WPCL"), prohibiting an employer from withholding or diverting from wages any unauthorized sums, id. ¶¶ 59-66.

Defendant filed an Answer on February 19, 2016. ECF No. 11. On April 29, 2016, Plaintiff filed a Motion for Conditional Certification and Judicial Notice pursuant to Section 215(b) of the FLSA. ECF No. 28. Defendant filed a Response thereto on May 16, 2016. ECF No. 34.

2

On June 7, 2016, Defendant filed the instant Motion for Summary Judgment and supporting documents. ECF Nos. 39-43, 45. On July 9, 2016, Plaintiff filed a Response to the Motion for Summary Judgment and supporting documents. ECF Nos. 51-53. Defendant filed Replies on July 22, 2016. ECF Nos. 56-57. The Motion for Summary Judgment is now ripe for consideration.

## III. DISCUSSION

### A. Count I: Fair Labor Standards Act

The FLSA mandates overtime pay for certain employees who work in excess of forty hours per week. 29 U.S.C. § 207. Plaintiff alleges in the Complaint that Defendant violated the FLSA by failing to pay overtime pay for hours worked exceeding forty within one work week. ECF No. 1 ¶ 3. Plaintiff asserts that his FLSA claims period began to run on December 16, 2012, three years prior to the date of the filing of this lawsuit. Id. ¶ 2. The maximum statute of limitations for this FLSA claim is three years. 29 U.S.C. § 255(a) (providing that "a cause of action arising out of a willful violation [of the FLSA] may be commenced within three years after the cause of action accrued."); Rummel v. Highmark, Inc., Civ. A. No. 13-87, 2013 U.S. Dist. LEXIS 162757, at *21 n.5

Defendant moves for summary judgment as to the FLSA claim on the basis that Plaintiff fails to advance evidence that he worked more than forty hours per week in either of the two relevant work weeks. ECF No. 45 at 8-18. Specifically, the undisputed claims period for Plaintiff's FLSA claim is from Sunday, December 16, 2012, to Friday, December 28, 2012. ECF No. 40 ¶¶ 1-2; ECF No. 52 ¶¶ 1-2. During this two-week period, Plaintiff worked as a financial advisor/security broker for Defendant. ECF No. 40 ¶ 4; ECF No. 52 ¶ 4.

In the instant case, the Court must look at the two-week period at issue. As to the first work week in question, December 16, 2012, through December 22, 2012, the Court finds that Plaintiff's

3

evidence, adduced via his deposition testimony, is significantly lacking in specifics. See, e.g., ECF No. 53-1 at 56 ("I am not sure how many hours I worked" that week); id. at 27 ("can't recall" working on Sunday, December 16); id. at 31 (does not recall if he worked on Monday, December 17, "I don't know exactly. Typically, I would work on a Monday."); id. at 36 ("I don't recall specifics of Tuesday, December 18."); id. at 39 (cannot recall "specifics" of Wednesday, December 19); id. at 26 (no specific recollection of arrival and departure times at work on Thursday, December 20); id. at 29 (does not know "exactly" when he arrived at work on Friday, December 21, but "would say, I got there at 8:30."); id. at 27 ("I can't recall. I am not certain" whether he worked on Saturday, December 22). However, Plaintiff did provide unequivocal testimony at his deposition that "my word says that I know I worked that week over 40 hours," and "I, certainly, worked over 40 hours. I would say, you could say ten-hour days, so 50 hours." Id. at 56. Therefore, based on the evidence before the Court at this stage of the case, the Court finds that this evidence is sufficient to establish a genuine issue of material fact as to whether Plaintiff worked more than forty hours during the week of December 16, 2012.

As to the second work week in question, the week of December 23, 2012, Plaintiff conceded that, because that week was a holiday week as well as Plaintiff's last week of employment with Defendant, he probably did not work in excess of forty hours in that week. ECF No. 53-1 at 45; ECF No. 51 at 4.

The Court notes that Defendant relies heavily on Daniels v. 1710 Realty LLC, 497 F. App'x 137, 139 (2d Cir. 2012), for the proposition that Plaintiff's speculative testimony cannot withstand a motion for summary judgment. ECF No. 45 at 4, 9, 10 and 16. However, Daniels is easily distinguishable, as it was an appeal from findings of fact and conclusions of law at a bench trial. 497

4

F. App'x at 138. The vague testimony referred to in Daniels was subject to the credibility determination of a factfinder. Id. at 139. In the instant case, no such credibility determination may be made at this stage.

Accordingly, based on the testimony presented by Plaintiff as to working more than forty hours during the week of December 16, 2012, this evidence precludes the entry of summary judgment as a matter of law on Plaintiff's FLSA claim. As such, Defendant's Motion for Summary Judgment as to Plaintiff's FLSA claim is denied.

### B. Count II: Pennsylvania Minimum Wage Act

In Count II, Plaintiff alleges that Defendant violated the PMWA by failing to pay overtime for hours worked exceeding forty hours within the work week. ECF No. 1 ¶¶ 45-48. Plaintiff's PMWA claims are parallel to his FLSA claims.

In Defendant's Memorandum in Support of its Motion for Summary Judgment, Defendant argues that because Plaintiff has no viable FLSA claim, his PMWA claim fails. ECF No. 45 at 19.

PMWA claims are subject to the three-year statute of limitations contained in Pennsylvania Wage Payment and Collections Law, 43 P.S. § 260.9a(g); Smith v. Bank of N.Y. Mellon Corp., Civ. A. No. 10-678, 2011 U.S. Dist. LEXIS 21996, at *10 (W.D. Pa. Jan. 20, 2011); Caucci v. Prison Health Servs., Inc., 153 F. Supp. 2d 605, 610 (E.D. Pa. 2001).

Defendant's arguments for summary judgment on the PMWA claim mirror Defendant's argument as to the FLSA claim. Because the Motion for Summary Judgment was denied as to the FLSA claim, it is also denied as to the PMWA claim.

C.  **Count III: Wage Payment and Collection Law**

In his Response in Opposition to Defendant's Motion for Summary Judgment, Plaintiff indicates that he "does not contest the entry of judgment for Defendant with respect to Plaintiff's WPCL claims." ECF No. 52 at 14. Accordingly, Defendant is entitled to judgment as a matter of law as to Count III.

IV.  **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment is denied as to Counts I and II and granted as to Count III. Accordingly, the following Order is entered:

## ORDER

AND NOW, this 9th day of November, 2016, IT IS HEREBY ORDERED that the Motion for Summary Judgment filed by Defendant Investment Professionals Inc., ECF No. 39 be DENIED as to Counts I and II and GRANTED as to Count III.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the Plaintiff wishes to appeal from this Order he or she must do so within thirty (30) days of the docketing of the entry of the Judgment Order, filed this day, by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

BY THE COURT:

_____
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record by Notice of Electronic Filing